**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **GUY M. DOMAI,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | |
| **AMERICAN EXPRESS TRAVEL RELATED SERVICES; JEFF SHANE, an individual; KRIS HAUSER, an individual; STEVE TUTTLE, an individual; KEN CHENAULT, an individual; MARIANNE STEINKE, an individual; and AL PECK, an individual;** | **Case No. 2:15-cv-542-CW-PMW** |
| **Defendants.** | **District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are (1) Jeff Shane's ("Shane") Motion to Dismiss[2] and (2) Guy Domai's ("Plaintiff") Motion for Entry of Default.[3]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 4.

[2] *See* docket no. 9.

[3] *See* docket no. 18.

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  The court also recognizes that Plaintiff has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP statute").[4] Accordingly, and in addition to the specific motions referenced above, the court will address the sufficiency of Plaintiff's complaint under the authority of the IFP statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## RELEVANT BACKGROUND

Plaintiff's complaint seeks millions of dollars in damages against his former employer, American Express ("Amex"), and several supervisors, including Shane, for alleged "discriminatory discipline" and for terminating Plaintiff's employment in violation of the Family and Medical Leave Act ("FMLA").  Specifically, Plaintiff alleges that Amex, Shane, Kris Hauser, Ken Chenault, Marianne Stinky, Steve Tuttle, and Al Pech (collectively, "Defendants") discriminated against him based on race by placing him on an unwarranted "performance improvement plan."[5]  Plaintiff also contends that Defendants terminated his employment in violation of FMLA.

Shane sent Plaintiff a letter dated May 23, 2011, informing Plaintiff that his employment was terminated effective May 20, 2011.  Plaintiff received a right to sue letter from the EEOC dated July 29, 2013.

---

[4] *See* docket no. 1.

[5] Docket no. 3 at 9.

In his complaint, Plaintiff acknowledges that he previously filed "a case against the same defendant . . . about 2 years [ago but]. . . . [t]he case was dismissed."[6]  On June 26, 2013, Plaintiff filed a lawsuit against Amex and Shane (and a third defendant not named here) for violations of FMLA.[7]  The case was assigned to District Judge Ted Stewart who denied Plaintiff's motion for service of process and ordered Plaintiff to file an amended complaint because his original complaint was deficient in many respects.[8]  Plaintiff submitted an amended complaint adding the above-mentioned defendants (as well as others) and additional causes of action, all based upon his alleged wrongful termination.[9]  Judge Stewart granted the defendants' motion to dismiss on February 10, 2015.[10]

In the instant case, Plaintiff asserts that he is "refiling this law suit under the statutes of the [s]avings doctrine which allows [P]laintiff to refile their [sic] cases within 6 months if the case has been dismissed for reasons other than merit."[11]  Plaintiff contends that his "case was dismissed because [he] failed to respond to [Judge Stewart's] request to file a response to the

---

[6] Docket no. 3-1.

[7] *See Domai v. American Express*, Case No. 2:13-cv-567, docket no. 3 (hereinafter, "Domai I")

[8] *See Domai I*, docket no. 7.

[9] *See Domai I*, docket no. 8.  However, it does not appear that Plaintiff's amended complaint was ever placed on the docket as an amended complaint nor were the new defendants added to the docket; it appears solely as a motion to amend/correct the original complaint.

[10] *See Domai I*, docket no. 52.

[11] Docket no. 3-1.

defendant['s] request for summary judgment."[12]  Plaintiff filed the instant action on July 31, 2015.[13]

## <u>STANDARD OF REVIEW</u>

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  Under that standard, the court "look[s] for plausibility in th[e] complaint."  *Id.* at 1218 (quotations and citations omitted) (second alteration in original).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, however, it is not "the

---

[12] Docket no. 3-1.

[13] *See* docket no. 3.

proper function of the district court to assume the role of advocate for the pro se litigant,"
*Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a
legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v.
White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the
> burden of alleging sufficient facts on which a recognized legal claim could be based. . . .
> [C]onclusory allegations without supporting factual averments are insufficient to state a
> claim on which relief can be based.  This is so because a prose plaintiff requires no
> special legal training to recount the facts surrounding his alleged injury, and he must
> provide such facts if the court is to determine whether he makes out a claim on which
> relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint,
> the court need accept as true only the plaintiff's well-pleaded factual contentions, not his
> conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).  With these standards in mind, the court now turns
to the motions before the court, as well as the substance of Plaintiff's complaint under the IFP
statute.

## DISCUSSION

### I.     Shane's Motion to Dismiss

Shane moves the court for a dismissal of Plaintiff's complaint on the grounds that
Plaintiff's claims are barred by the applicable statutes of limitation.  Plaintiff has not responded
to Shane's motion, and the time for doing so has long since passed.  *See* Fed. R. Civ. P. 6;
DUCivR 7-1(b)(3)(A).  That alone is a basis for granting Shane's motion to dismiss.  *See*
DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court[] granting the
motion without further notice.").  That notwithstanding, the court will address the merits of the
Shane's arguments in support of its motion to dismiss.

As noted by Shane, it is unclear whether Plaintiff is asserting claims for employment discrimination under Title VII (42 U.S.C. § 2000e) or the civil rights statute (42 U.S.C. § 1981). Under Title VII, the claim must be brought within ninety days after receiving a Notice of Right to Sue Letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1); *Witt v. Roadway Exp.*, 136 F.3d 1424, 1429 (10th Cir) ("[A] complainant has ninety days in which to file suit after receipt of an EEOC right-to-sue letter."). Plaintiff's right to sue letter is dated July 29, 2013, and thus his recent complaint was filed well beyond the ninety day time limit.

To the extent Plaintiff's discrimination claim is brought under § 1981, it must be brought within four years. *See* 28 U.S.C. § 1658; *Aman v. Dillon Companies, Inc.*, 645 Fed. Appx. 719, 723 (10th Cir. 2016) (recognizing that an employee "must file a civil complaint under § 1981 within four years of the alleged conduct"). Plaintiff was terminated on May 20, 2011. As such, that is the date that the statute of limitations begins to run for § 1981 claims. Because Plaintiff's most recent complaint was not filed until July 31, 2015, his action is untimely.

With respect to FMLA, the statute of limitations is generally two years. *See* 29 U.S.C. § 2617(c)(1). However, the time is extended to three years if there has been a willful violation. *See id.* § 2617(c)(2). Thus, even assuming Plaintiff is alleging a willful violation of FMLA (it is not clear from his complaint), his claim is still time-barred.

Plaintiff attempts to circumvent these statutes of limitation by asserting that the federal savings statute, *see* 1 U.S.C. § 109, and the Utah savings statute, *see* Utah Code Ann. § 78B-2-111(1), permit him to refile his complaint within six months of the previous dismissal.[14] However, Plaintiff's argument fails for several reasons. First, the federal savings statute "was

---

[14] *See* docket no 3-1.

primarily enacted to cover criminal cases and to undo the common-law rule abating prosecution upon the repeal of a statute." *United States v. Goncalves*, 642 F.3d 245, 252 (1st Cir. 2011). Thus, it is not applicable in this civil matter.  Second, the Utah savings statute does not apply to claims arising under federal statutes containing limitations provisions.  *See Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter."); *see also* 4 Fed. Prac. & Proc. Civ. § 1056 ("In the far more common situation in which the relevant federal statute does contain a specific limitations provision, . . . state grace provisions will not be applied following a dismissal of the action.").  Because each of Plaintiff's claims arise under federal statutes that contain limitations provisions as discussed above, the Utah savings statute does not apply.

And, most importantly, Plaintiff's previous lawsuit *was* decided on the merits thus rendering any savings statute irrelevant.  In *Domai I*, Judge Stewart dismissed Plaintiff's complaint pursuant to Rules 37, 41, and 56 of the Federal Rules of Civil Procedure.  A dismissal under Rule 56 is without question a dismissal on the merits.  *See* 10A Fed. Prac. & Proc. Civ. § 2719.  And on the face of Rule 41, it also "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b); *see* 9 Fed. Prac. & Proc. Civ. § 2373 ("As is stated clearly in the rule, and the extensive case law under the subdivision, a dismissal under Rule 41(b) or any other dismissal not provided for in Rule 41 will operate as an adjudication on the merits").

Accordingly, this court concludes that statutes of limitation relevant to Plaintiff's claims are not tolled by the savings statutes cited in Plaintiff's complaint.  As such, Plaintiff's claims against Shane are barred by the applicable statutes of limitation and should therefore be dismissed.

**II.      Review of Plaintiff's Complaint Under IFP Statute**

As noted above, this court must "dismiss the case at any time if the court determines that

. . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).  Even when the court liberally construes Plaintiff's complaint, the court

concludes that Plaintiff has failed to provide any well-pleaded factual allegations to support his

alleged claims for relief.  Ordinarily, "[d]ismissal of a pro se complaint for failure to state a claim

is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and

it would be futile to give him an opportunity to amend."  *Kay*, 500 F.3d at 1217 (quotations and

citation omitted).  Because Plaintiff cannot cure the defects in his complaint, it would be futile to

permit him to amend his complaint.  Accordingly, this court concludes that Plaintiff's claims as

to the remaining defendants fail on the same basis as the claims against Shane.  Thus, Plaintiff's

complaint should be dismissed in its entirety.

**III.      Plaintiff's Motion for Default**

Because this court recommends that Plaintiff's complaint be dismissed in its entirety,

Plaintiff's motion for default is rendered moot.

<u>**CONCLUSION AND RECOMMENDATION**</u>

Based on the foregoing, this court concludes that Plaintiff's claims are barred by the

applicable statutes of limitation.  As such, this court recommends that Shane's motion to dismiss

be **GRANTED**, Plaintiff's motion for default be rendered **MOOT**, and Plaintiff's complaint be

**DISMISSED** in its entirety as to all Defendants.

Copies of this Report and Recommendation are being sent to all parties, who are hereby

notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties

must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 9th day of September, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge