IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES; JEFF SHANE, an individual; KRIS HAUSER, an individual; STEVE TUTTLE, an individual; KEN CHENAULT, an individual; MARIANNE STEINKE, an individual; and AL PECK, an individual;<br><br>　　　　　　　Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-542-CW-PMW<br><br>Judge Clark Waddoups |

　　　　This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Dkt. No. 4.) The Court granted Plaintiff Guy M. Domai's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. No. 2.) On September 9, 2016, Judge Warner issued a Report and Recommendation recommending that the court grant Defendant Jeff Shane's Motion to Dismiss (Dkt. No. 9) on the grounds that all of Mr. Domai's claims are barred by the applicable statutes of limitation, as well as Judge Warner's *sua sponte* analysis, as required under 28 U.S.C. § 1915(e)(2)(B)(ii), that the Complaint fails to state a claim on which relief can be granted. (Dkt. No. 24.) Based on these findings, Judge Warner also recommended the court find Mr. Domai's Renewed Motion for Default (Dkt. No. 18) moot. Mr. Domai has not objected to these recommendations, and the time for doing so has passed.[1]

---

[1] Mr. Domai had fourteen days after service of Judge Warner's Report and Recommendation

1

The court agrees with Judge Warner's conclusion that the relevant statutes of limitation bar each of Mr. Domai's claims and that neither the general federal savings statute nor the state savings statute applies in this case. (*See* Dkt. No. 24, p. 6–7.) As a consequence, Mr. Domai's Complaint fails to state a claim against any defendant. *See Radloff-Francis v. Wyoming Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (unpublished) ("And although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'") (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)).

The court also agrees with Judge Warner's conclusion that Mr. Domai's previous lawsuit, *Domai v. American Express Corp.*, No. 2:13-cv-00567 (D. Utah), was dismissed on the merits, thus rendering the savings statutes irrelevant. (*See* Dkt. No. 24, p. 7.) However, the court clarifies that Judge Stewart's opinion dismissing the previous lawsuit appears to dismiss Mr. Domai's case under Federal Rule of Civil Procedure 41. *See Domai v. Am. Exp. Corp.*, No. 2:13-CV-567-TS, 2015 WL 566602, at *1 (D. Utah Feb. 10, 2015) (unpublished). The court need not

---

within which to object. *See* Fed. R. Civ. P. 72(b) (providing that objections must be filed within fourteen days after service of the Report and Recommendation); Fed. R. Civ. P. 6(a), (d) (explaining how to compute time and providing that where service is by mail the court should calculate the time within which a party must respond by adding three days after the period that would otherwise expire). Because Judge Warner's Report and Recommendation issued on September 9, 2016, the rules required Mr. Domai to object by September 26, 2016 for the objection to be timely. On October 11, 2016, Mr. Domai filed a document entitled "Motion for Continuance" (Dkt. No. 26). On October 13, 2016, Mr. Domai filed a "Notice of Intent to Proceed with Litigation" and another "Request for continuance" (Dkt. Nos. 27 & 28). These documents do not object to the substance of Judge Warner's Report and Recommendation, but appear to seek further time in which to object. (*See id.*) Without a timely objection, the court has the discretion to review the Report and Recommendation under a less-demanding standard. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The court declines to do so in this case and reviews Judge Warner's Report and Recommendation *de novo*—the standard of review most generous to Mr. Domai. Upon consideration of Judge Warner's recommendations and Mr. Domai's Complaint, the court finds the motions for continuance moot (Dkt. Nos. 26 & 28).

determine whether Judge Stewart also dismissed the case pursuant to Federal Rules of Civil Procedure 37 or 56, as Judge Warner states in the Report and Recommendation. (*See* Dkt. No. 24, p. 7.) Barring exceptions not applicable here, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see* 9 Fed. Prac. & Proc. Civ. § 2373 ("As is stated clearly in the rule, and the extensive case law under the subdivision, a dismissal under Rule 41(b) or any other dismissal not provided for in Rule 41 will operate as an adjudication on the merits"). Thus, Mr. Domai's previous lawsuit was plainly dismissed on the merits.

Accordingly, upon *de novo* review of its findings and with the clarification discussed above, the court APPROVES AND ADOPTS Judge Warner's Report and Recommendation (Dkt. No. 24). The court hereby GRANTS Defendant Jeff Shane's Motion to Dismiss (Dkt. No. 9) and DISMISSES the Complaint. The court also DENIES as moot Mr. Domai's motion for default (Dkt. No. 18) and motions for continuance (Dkt. Nos. 26 & 28). The case is therefore closed.

SO ORDERED this 17th day of October, 2016.

BY THE COURT:

_____
Clark Waddoups
United States District Judge