IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DOMAI,<br><br>                    Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES, et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO SET ASIDE ORDER OF DISMISSAL**<br><br>Case No. 2:15-cv-542<br><br>Judge Clark Waddoups |

On October 18, 2016, the court entered an order adopting the report and recommendation of United States Magistrate Judge Paul M. Warner recommending that the case be dismissed for various reasons, including that the claims asserted by Plaintiff were untimely. (ECF No. 29.) As a result, Plaintiff's action was dismissed, and the case was closed.

Over a year later, on October 19, 2017, Plaintiff filed a motion to set aside the court's order adopting Judge Warner's recommendations, but the motion did not specify what relief Plaintiff was seeking or address any of the reasons that would allow the court to reconsider its judgment under Rule 60 of the Federal Rules of Civil Procedure. (ECF No. 33.) Instead, the motion only indicated that Plaintiff intended to submit additional evidence to the court in the future and would then proceed with the motion once the evidence was received by the court. (*Id*.)

Because Plaintiff never submitted any new evidence to the court, and because Plaintiff's October 2017 motion did not provide the court with any basis for reconsidering its prior order

1

adopting Judge Warner's recommendations, Plaintiff's motion to set aside was denied on December 17, 2019. (ECF No. 34.)

On December 18, 2020, Plaintiff filed a second motion to set aside order of dismissal. (ECF No. 35.) Like Plaintiff's first motion to set aside, Plaintiff's December 2020 motion does not specify what specific relief Plaintiff is requesting. Nor does the motion identify what order Plaintiff is challenging. Because the caption of Plaintiff's motion indicates that the motion has been brought to set aside an "order of dismissal," the court will treat Plaintiff's motion to be a second motion challenging the court's October 16 order adopting Judge Warner's report and recommendation as that is the only order of dismissal entered in this case.

Plaintiff indicates, in his December 2020 motion, that the motion is being brought pursuant to Rules 60(b)(2) and 60(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 35.)

Rule 60(b)(2) allows the court to relieve a party from a final judgment or order when a party shows that there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Importantly, however, a motion seeking to set aside an order on the grounds that new evidence has been discovered must be filed with the court "no more than a year after the entry of the judgment or order or the date of proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff's motion does not present any newly discovered evidence to the court. Like Plaintiff's first motion to set aside, however, the December 2020 motion does reference "new evidence that will be available to [Plaintiff] in his attempt to revive this case." (ECF No. 35.) It has now been more than five years since the court dismissed this action and Plaintiff has yet to submit any of the new evidence promised in both his October 2017 and December 2020 motions.

2

Moreover, Plaintiff's December 2020 motion was filed more than one year after the court's October 18, 2016 order adopting Judge Warner's report and recommendation, in violation of Rule 60(c)(1). Accordingly, there is no basis for setting aside the court's October 2016 order under Rule 60(b)(2).

Rule 60(b)(6) allows the court to set aside a judgment or order for "any other reason that justifies relief." The United States Supreme Court, however, has instructed that an order that was previously entered by this court can only be set aside under Rule 60(b)(6) when a party shows that there are "extraordinary circumstances" that would justify reconsideration of the order. *See Buck v. Davis*, 137 S. Ct. 759, 777 (2017) ("[R]elief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'"). Extraordinary circumstances may exist where a party shows that there is a "risk of injustice to the parties" or a "risk of undermining the public's confidence in the judicial process." *Id*. at 778.

Plaintiff's December 2020 motion does not show that any extraordinary circumstances exist that would justify setting aside the court's October 18, 2016 order dismissing this action. Indeed, the motion does not set out any reason for setting aside the order at all. It merely indicates that Plaintiff intends to present new evidence in the future. As discussed above, more than five years has passed since the Court's order dismissing this action, and Plaintiff has yet to present any new evidence to the court. Moreover, Plaintiff's motion does not explain why Plaintiff could not present any new evidence he might have within the one-year time period allowed by Rule 60(c)(1). Accordingly, any new evidence that is presented to the court at this time or hereafter would be untimely under the rules. Therefore, the court also concludes that Rule 60(b)(6) does not provide the court with any basis for setting aside its October 18, 2016 order adopting Judge Warner's report

and recommendation.

For the reasons explain above, Plaintiff's Motion to Set Aside Order of Dismissal (ECF No. 35) is **DENIED**.

SO ORDERED this 14th day of March, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Judge